Evie HALI; Rudy Hali, Petitioners

v.

**ATTORNEY GENERAL OF the UNITED STATES of America.**

No. 09–1118.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 6, 2011.

Opinion filed: April 19, 2011.

---

134

Dennis Mulligan, Esq., Philadelphia, PA, for Petitioners.

Thomas W. Hussey, Esq., Jeffery R. Leist, Esq., Justin R. Markel, Esq., United States Department of Justice, Washington, DC, for Attorney General of the United States of America.

Before: FUENTES, VANASKIE and NYGAARD, Circuit Judges.

### OPINION

PER CURIAM.

Evie and Rudy Hali petition for review of a final order of the Board of Immigration Appeals (BIA) affirming the decision of the Immigration Judge (IJ) denying asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We will deny the petition for review.

The Halis are citizens of Indonesia, who arrived in the United States in July 2001. Soon after arriving, the Halis applied for asylum, and the Department of Homeland Security (DHS) charged them with being removable under section 237(a)(1)(B) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(1)(B), as aliens who had overstayed their visas. The Halis conceded their removability, reasserted their request for asylum, and also sought withholding of removal and CAT protection.

At an administrative hearing before an IJ, Rudy Hali testified and Evie Hali stood on her affidavit. They claimed that they had been persecuted in Indonesia on the basis of their Christian religion and Chinese ethnicity. More specifically, Rudy testified that he had been struck and stabbed during the riots in Indonesia in May 1998, and Evie stated that on the same day, her home was pelted with rocks and she was threatened with rape but managed to escape. According to Rudy, in the years that followed, he continued to be harassed. To visit relatives, he had to walk through a Muslim neighborhood, and the locals would often strike him. Rudy did not seek medical care on account of these incidents; nor did he report them to the police. The Halis further testified that when they held prayer meetings, Indonesi-

an Muslims would harass and threaten them, and that on one occasion, they were told that they would be killed if they did not stop praying. Again, the Halis did not seek police intervention. After the death threat, the Halis ceased their prayer meetings and came to the United States.

The IJ concluded that the Halis were removable, finding that they failed to meet their respective burdens of proof for asylum, withholding of removal, and CAT relief. The BIA then dismissed the Halis' appeal. First, the BIA rejected the Halis' argument that the IJ had violated their rights to due process. Next, the BIA found no clear error in the IJ's determination that the Halis, although the victims of criminal behavior, had not suffered past persecution. As part of this analysis, the BIA noted that the evidence did not show that the alleged incidents were perpetrated either by the government or by forces the government was unable or unwilling to control. The BIA likewise perceived no error in the IJ's conclusion that the Halis had not shown that there was a reasonable possibility that they would suffer future persecution if removed to Indonesia. Finally, the BIA affirmed the IJ's ruling that the Halis had not established eligibility for CAT relief. The Halis then filed a timely petition for review with this Court.

We have jurisdiction over the BIA's final order of removal pursuant to section 242(a). We review the decision and reasoning of the IJ to the extent the BIA deferred to or adopted it; otherwise, we consider only the decision of the BIA. *See Chavarria v. Gonzalez,* 446 F.3d 508, 515 (3d Cir.2006). We must uphold the agency's factual findings, including its findings as to whether the Halis have demonstrated past persecution or a well-founded fear of future persecution, if they are "supported by reasonable, substantial and probative

evidence on the record considered as a whole." *Kayembe v. Ashcroft*, 334 F.3d 231, 234 (3d Cir.2003). We will reverse a finding of fact only if "any reasonable adjudicator would be compelled to conclude to the contrary." INA § 242(b)(4)(B).

The Halis first argue that they are entitled to asylum because they have suffered past persecution. To be eligible for relief due to past persecution, aliens must show that they were victims of "(1) an incident, or incidents, that rise to the level of persecution; (2) that is on account of one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either unable or unwilling to control." *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir.2002) (internal quotation marks omitted).

■ We conclude that substantial evidence supports the BIA's conclusion that the Halis failed to show past persecution. We have previously concluded that isolated attacks arising out of the May 1998 riots, such as those the Halis suffered, are not sufficiently severe to amount to persecution. *See Lie v. Ashcroft*, 396 F.3d 530, 536 (3d Cir.2005); *see also Abdille v. Ashcroft*, 242 F.3d 477, 494–95 (3d Cir.2001) ("[m]ere generalized lawlessness and violence between diverse populations . . . generally is not sufficient to permit the Attorney General to grant asylum" (internal quotation marks omitted)). We have further upheld agency conclusions that persecution cannot be shown by minor assaults that do not require medical care, *see Jarbough v. Att'y Gen.*, 483 F.3d 184, 191 (3d Cir.2007), or unfulfilled threats—even death threats, *see Li v. Att'y Gen.*, 400 F.3d 157, 164 (3d Cir.2005). While the Halis contend that the agency erred by failing to view these events in the aggregate, we disagree with their reading of the BIA's and IJ's opinions. *See* IJ Op. at 7 (noting that "[i]n evaluating whether persecution has occurred the Court must consider all the events cumulatively"); BIA Op. at 2 ("[a]s the Immigration Judge noted, the alleged events do not rise to the level of persecution"). Moreover, we do not believe that the record compels the conclusion that, viewed cumulatively, these incidents amount to past persecution. *See Barsoum v. Holder*, 617 F.3d 73, 80 (1st Cir.2010).

■ There is another problem with the Halis' past-persecution claim: as the BIA noted, for an incident to qualify as persecution, it must be "committed by the government or forces the government is either unable or unwilling to control." *Gao*, 299 F.3d at 272 (internal quotation marks omitted). Rudy testified that, although he and his wife were harassed and threatened by private Indonesian citizens, he did not report any of the events to the police, other than reporting what happened to him during the May, 1998 riots. Given that the relevant State Department Reports reveal that at this time the Indonesian government "officially promote[d] religious and ethnic tolerance" and that the violence in the country had been "primarily wrought by fellow citizens and not [as a] result of governmental action or acquiescence," *Lie*, 396 F.3d at 537, we cannot conclude that the record compels the conclusion that the government lacked the ability or desire to protect the Halis.

■ For similar reasons, we also conclude that substantial evidence supports the BIA's finding that the Halis failed to prove that they have a well-founded fear of future persecution. A future-persecution claim requires the applicant to demonstrate a subjective fear of persecution and that that fear is objectively reasonable. *See Lie*, 396 F.3d at 537. The Halis argue that they satisfy the objective prong because, based on the incidents discussed above, they have shown that they "would

be individually singled out for persecution." *Id.* However, because the Halis have failed to establish that the government is unable or unwilling to protect them from the private citizens' criminal behavior, these events do not support their claim. *See Nahrvani v. Gonzales,* 399 F.3d 1148, 1154 (9th Cir.2005). Moreover, as the BIA explained, the fact that the Halis' family has remained in Indonesia without being persecuted further undercuts their argument that they should reasonably fear returning to Indonesia. *See Lie,* 396 F.3d at 537.[1]

 Finally, the Halis argue that the IJ violated their due process rights by failing to consider the affidavits they submitted from their experts concerning the conditions in Indonesia. They contend that these affidavits show that there is a "pattern or practice" in Indonesia of persecuting individuals who are similarly situated to them, which can establish an objectively reasonable fear of future persecution. *See id.* We review the Halis' due process argument de novo. *Fadiga v. Att'y Gen.,* 488 F.3d 142, 154 (3d Cir.2007). In the removal context, an alien "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her, (2) must be allowed to make arguments on his or her own behalf, and (3) has the right to an individualized determination of his or her interests." *Abdulai v. Ashcroft,* 239 F.3d 542, 549 (3d Cir.2001) (internal quotation marks, citations, and alterations omitted). Here, the Halis received the process they were due. In a thorough opinion, the IJ noted that they had provided expert affidavits, but when analyzing their pattern-or-practice claim, focused on the most-recent State Department Report. The fact that the IJ did not specifically discuss the expert evidence in this part of its opinion does not mean that it did not consider that evidence.[2] *See Myat Thu v. Att'y Gen.,* 510 F.3d 405, 416 (3d Cir.2007) ("Consideration of all evidence does not require comment on all evidence."). Our review of the record convinces us that the agency appropriately considered all of the evidence that the Halis submitted.

Accordingly, we will deny the petition for review.

---

1. Because we affirm the BIA's conclusion that the Halis failed to establish that they suffered from past persecution or have a well-founded fear of future persecution, the Halis are not entitled to asylum. *See* INA § 101(a)(42). They are thus necessarily unable to satisfy the higher standard for eligibility for withholding of removal. *See Ghebrehiwot v. Att'y Gen.,* 467 F.3d 344, 351 (3d Cir.2006). Finally, the Halis have made no argument concerning their claim for CAT relief, and we therefore do not consider it.

2. Indeed, given that we have previously rejected a pattern-or-practice claim made by a Christian of Chinese ethnicity on the basis of the State Department Reports notwithstanding the alien's expert affidavit, *see Wong v. Att'y Gen.,* 539 F.3d 225, 229, 234 (3d Cir. 2008), it was entirely reasonable for the IJ to focus on the evidence that it did. *See generally Zubeda v. Ashcroft,* 333 F.3d 463, 477–478 (3d Cir.2003) ("Country reports ... are the most appropriate and perhaps the best resource for information on political situations in foreign nations." (internal quotation marks omitted)). For this same reason, even if the IJ and BIA had not considered these affidavits, the Halis would not be able to show the "substantial prejudice" necessary to establish a successful due process claim. *See Khan v. Att'y Gen.,* 448 F.3d 226, 236 (3d Cir.2006).